# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DANIEL ORIAKHI                :

    Petitioner                 :

    v                          :          Civil Action No. MJG-11-865
                                     Related Crim Case MJG-92-283

UNITED STATES OF AMERICA    :

    Respondent              :

oOo

## MEMORANDUM OPINION

On April 1, 2011, Petitioner filed the above-captioned Motion to Vacate pursuant to 28 U.S.C. §2255. He asserts his trial counsel was ineffective in failing to advise him of the deportation consequences resulting from his conviction, citing Padilla v. Kentucky, __ U.S.__, 130 S. Ct. 1473 (2010) in support of his claim. ECF No. 1 at p. 4.

The Motion to Vacate is successive. See United States v. Oriakhi, Civil Action No. MJG-05-2317 (D. Md.), affirmed by United States v. Oriakhi, Slip Op. No. 08-8224, 394 Fed. Appx. 976 (4th Cir. 2010). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in
> section 2244 by a panel of the appropriate court of appeals to
> contain–(1) newly discovered evidence that, if proven and viewed
> in light of the evidence as a whole, would be sufficient to establish
> by clear and convincing evidence that no reasonable factfinder
> would have found the movant guilty of the offense; or (2) a new
> rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this Court may not consider the merits of the claim unless and until Petitioner receives the certification.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural

requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this Court may examine the claims.

In addition to the above-analysis, a certificate of appealability must be considered. Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.


April 11, 2011
Date

_____/s/_____
Marvin J. Garbis
United States District Judge


2